Dear Mr. Dupuis:
Your question to this office is, to wit: must the full text of all enacted ordinances be published in the official journal, or may the text of these ordinances be published in abbreviated form?
Lafayette City-Parish Consolidated Government operates under the provisions of a home rule charter. Section 2-12 of that charter provides that "such enacted ordinances shall be published in full or in summary at the council's discretion in the official journal by the clerk of the council within seven (7) days after adoption."
The jurisprudence provides that a parish council does not possess authority under a home rule charter to disregard state law on the selection of an official journal, and is further required to follow the provisions governing official journals. See Yoes vs. St. Charles ParishCouncil, 400 So.2d 260 (La.App. 4th Cir. 1981), writ den., 409 So.2d 618
(La. 1981).
Of particular import to the matter at hand are the provisions of R.S. 33:143 and R.S. 33:144, quoted below:
 § 143. Newspaper selected to be known as official journal; duties
 The newspaper selected shall be known as the official journal of the parish, town, city or school board, and it shall publish all minutes, ordinances, resolutions, budgets and other official proceedings of the police jury, town or city councils, or the school board.
 * * * * *
 § 144. Penalty for failure to have proceedings published
 The official of any municipal corporation, police jury or school board by law responsible for the preparing and recording of the official proceedings who, within ten days from the date of any meeting at which the official proceedings were had, willfully neglects or fails to furnish the official journal with a copy of the minutes, ordinances, resolutions, budgets, and proceedings for publication, shall be fined not less than twenty five dollars nor more than five hundred dollars, or be imprisoned for not less than ten days nor more than six months, or both.
Neither statute permits an enacted ordinance to be published in part or in summary. Finally, R.S. 33:406 (concerning the publication of ordinances for Lawrason Act municipalities) is inapplicable to a home rule charter government.[1]
Should you have any further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RECEIVED:
DATE RELEASED: September 25, 2001
[1] Lawrason Act municipalities are governed by the provisions of R.S.33:321 through R.S. 33:463 and are inapplicable to municipalities operating under a home rule charter or special legislative charter, as R.S. 33:321 provides:
§ 321. Municipalities governed by mayor-board of aldermen form of government
All municipalities shall be governed by the provisions of this Part except those municipalities governed by a special legislative charter, a home rule charter or plan of government adopted pursuant to Article VI, Section 5 of the Constitution of Louisiana, or Part II or Part III of this Chapter.